UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

TIFFANY T.,                          )
                                     )
                    Plaintiff,       )
                                     )
        v.                           )        No. 2:19-cv-00479-DLP-JRS
                                     )
ANDREW M. SAUL,                      )
                                     )
                    Defendant.       )

<u>**ORDER**</u>

This matter comes before the Court on the Plaintiff's Motion for Award of
Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d),
Dkt. [28]. For the reasons that follow, Plaintiff's motion is **DENIED**.

## I.     Background

On May 25, 2016, Tiffany applied for Social Security Disability Insurance
Benefits under Title II of the Social Security Act, alleging that she became disabled
on March 3, 2008, resulting from two traumatic brain injuries, bipolar disorder,
personality disorder, attention deficit hyperactivity disorder ("ADHD"), depression,
anxiety, headaches, Marfan syndrome, and chest pains. (Dkt. 11-5 at 2, R. 182; Dkt.
11-6 at 16, R. 211). Tiffany's application was denied at all levels of the
administrative process. (Dkt. 11-4 at 2, 10, R. 107, 115).

On June 1, 2018, Administrative Law Judge ("ALJ") Matthias D. Onderak
conducted a disability hearing, where Tiffany appeared in person and vocational

1

expert Christopher Rymond[1] appeared telephonically. (Dkt. 11-2 at 44, R. 43; Dkt. 11-6 at 55, R. 250). On August 31, 2018, ALJ Onderak issued an unfavorable decision finding that Tiffany was not disabled. (Dkt. 11-2 at 17-30, R. 16-29). On October 31, 2018, Tiffany appealed the ALJ's decision. (Dkt. 11-4 at 73-75, R. 178-80). On August 7, 2019, the Appeals Council denied Tiffany's request for review, making the ALJ's decision final. (Dkt. 11-2 at 2, R. 1).

On October 8, 2019, Plaintiff filed a complaint seeking judicial review of the ALJ's decision denying her application for Social Security Disability benefits. (Dkt. 1). On December 31, 2020, the Court entered judgment in Plaintiff's favor, reversed the ALJ's decision, and remanded the matter to the Agency for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence four). (Dkt. 27).

On March 31, 2021, Plaintiff filed the present "Motion for Attorney Fees Pursuant to the Equal Access to Justice Act." (Dkt. 28). On April 13, 2021, the Commissioner filed a response, and on April 20, 2021, Plaintiff filed a reply. (Dkts. 30, 31). Thereafter, the Commissioner sought leave to file supplemental authority, which the Court granted. (Dkts. 32, 34).[2]

## II.   Legal Standard

The Equal Access to Justice Act[3] ("EAJA") provides that a district court may award reasonable attorney fees where: (1) the plaintiff is a "prevailing party," (2)

---

[1] Per Mr. Rymond's résumé, the correct spelling of his last name is "Rymond." His last name is mistranscribed in the hearing transcript.

[2] The Court has taken the supplemental authority, along with Plaintiff's response to that authority, into consideration in ruling on the present motion.

[3] The EAJA is a fee-shifting statute applicable to Social Security disability appeals to federal court. 28 U.S.C. § 2412(a) and (d)(1)(A).

the Government's position was not "substantially justified," (3) no "special circumstances make an award unjust," and (4) the fee application is timely and supported by an itemized statement. 28 U.S.C. § 2412(d); *U.S. v. Hallmark Const. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000).

## III. Discussion

In seeking review of the Agency's filing decision, Tiffany argued that the ALJ erred by (1) interpreting her psychological treatment records and assessing her residual functional capacity ("RFC") without considering a psychological expert's assessment of the record and her limitations; and (2) failing to adequately incorporate her moderate limitations in concentration in the RFC assessment and hypothetical questions to the vocational expert. (Dkt. 26 at 30). As to Plaintiff's first argument, the Court found the ALJ's opinion reflected "a thorough discussion" of the evidence and the ALJ "did not, as Tiffany suggests, play doctor, but instead relied on the findings of Tiffany's treating physicians to determine her limitations." (Id. at 35). As to the second argument, the Court concluded that remand was appropriate because the ALJ failed to adequately address Plaintiff's concentration limitations both in the RFC and in his hypotheticals posed to the vocational expert. (Id. at 38-39).

Having been granted a remand of the ALJ's decision, Plaintiff now seeks, pursuant to the Equal Access to Justice Act ("EAJA"), $3,269.00 in attorney fees as the prevailing party in the underlying Social Security disability case. (Dkt. 28). The government is contesting this award. Specifically, the Commisioner maintains that

3

Tiffany is not entitled to this award because his litigation position was substantially justified. (Dkt. 30). The Commissioner argues that he had a "rational basis for thinking his residual functional capacity adequately accommodated" Tiffany's moderate limitations in concentrating, persisting, or maintaining pace. (Id.).

This Court's remand pursuant to sentence four of 42 U.S.C. § 405(g) made Tiffany a "prevailing party," entitled to attorney's fees unless the "position of the United States was substantially justified." *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011) (citing *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993)). The Commissioner bears the burden of establishing that his position was substantially justified. *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). To demonstrate this, the Commissioner "must show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the theory propounded." *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006). Accordingly, the Commissioner's position is substantially justified if "a reasonable person could conclude that the ALJ's opinion and the [C]ommissioner's defense of the opinion had a rational basis in fact and law." *Bassett*, 641 F.3d at 859; *Conrad*, 434 F.3d at 987.

"Substantially justified does not mean justified to a high degree, but rather has been said to be satisfied if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (internal quotations omitted). Therefore, a loss on the

4

merits does not automatically equate with a lack of substantial justification. *Pierce v. Underwood*, 487 U.S. 552, 565 (1998).

In making a substantial justification determination, the Court considers the government's prelitigation conduct, including the ALJ decision itself, as well as the Commissioner's litigation position; however, the district court is to make only one determination for the entire civil action. *Conrad*, 434 F.3d at 990; *Golembiewski*, 382 F.3d at 724; *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). "EAJA fees may be awarded if either the government's pre-litigation conduct or its litigation position [is] not substantially justified." *Golembiewski*, 382 F.3d at 724.

Here, Tiffany maintains that the litigation position of the Commissioner was not substantially justified entitling her to fees. (Dkt. 28). Relying on the Court's findings for the first issue and the ALJ's opinion and current caselaw for the second, the Commissioner maintains that his positions at the agency level and on judicial review were substantially justified. (Dkt. 30 at 2-3). In review of the ALJ's decision, the Commissioner identifies eight limitations in the RFC that he maintains addresses Tiffany's limitations in concentration, persistence, and pace. (Id.). He argues that the Plaintiff failed to identify any additional restrictions she believed should have been included in the RFC. (Id. at 2). He also claims that his position is buttressed by Seventh Circuit precedent. (Id. at 3-4; Dkts. 32-1, 32-2). While acknowledging the Court's decision to remand this case because of the ALJ's failure to explain how his limitations addressed Tiffany's limitations with

concentration, the Commissioner argues that his litigation position was substantially justified. (Dkt. 30).

In reply, Plaintiff maintains the Commissioner's decision was not substantially justified because an entire line of Seventh Circuit precedent has concluded that reversible error exists when an ALJ includes limitations (like the ones in this case) that do not properly accommodate a claimant's moderate limitations in concentration, persistence, or pace. (Dkt. 31 at 2-3). Plaintiff also maintains that the Court should reject the Commissioner's argument that her motion should be denied because she did not prevail on both arguments. (Id. at 1-2).

At the EAJA stage, the Court is making an independent judgment from the ultimate merits decision. *Pierce*, 487 U.S. at 567-68. The question is whether the government's litigation position was substantially justified. It has been long established that a Commissioner's position may be substantially justified, even if it "turns out to be completely wrong." *Bassett*, 641 F.3d at 859-60 (providing an example of an ALJ's failure to provide an adequate analysis but yet finding the Commissioner's defense of the opinion substantially justified). It typically takes something more egregious than an articulation error to make the Commissioner's position unjustified, such as the ALJ ignoring or mischaracterizing a significant body of evidence or the Commissioner defending an ALJ's opinion by violating general principles of administrative law. *Golembiewski*, 382 F.3d at 724-25.

An ALJ must include all of a claimant's limitations in the RFC assessment and the hypothetical questions to vocational experts. *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015); *Stewart*, 561 F.3d at 684–85 (collecting cases). While the Court found that the ALJ had not included all of Tiffany's limitations in the RFC assessment and hypothetical questions to the vocational expert ("VE"), the Court did so because the ALJ failed "to build a logical bridge between the concentration limitations he acknowledged and the restrictions he imposed in the RFC" and hypotheticals posed to the VE. (Dkt. 26 at 38). Other than this mistake, the Court found the ALJ's decision adequate, and rejected Tiffany's contention that the ALJ erred by impermissibly playing doctor.

Even though, the ALJ failed "to connect all the dots" in the analysis, the Court, without something more egregious, refuses to find that the Commissioner's position was substantially unjustified. The ALJ did not ignore, mischaracterize, selectively cite, or otherwise bungle a significant body of relevant evidence, nor did the Commissioner take a position that had no reasonable basis in law or fact, but rather made a mistake in articulation. Although the ALJ provided numerous limitations in the RFC, the Court was unable to follow the logical bridge between the concentration limitations the ALJ acknowledged for Tiffany and the various restrictions he imposed in the RFC.

As to the Commissioner's argument that his litigation position was substantially justified because Tiffany failed to offer any additional restrictions she believed should have been included in the RFC, the Court disagrees. The Plaintiff

offered additional limitations to address her issues with concentration both in her examination of the vocational expert at the disability hearing and in her briefing on judicial review. (*See* Dkt. 11-2 at 85-86, R. 84-85; Dkt. 17 at 28-29; Dkt 24 at 4). The Commissioner also argues that he rationally believed that the restrictions the ALJ imposed in the RFC were sufficient to address Tiffany's limitations with concentration, persistence and pace. (Dkt. 30 at 2). Relying on Seventh Circuit precedent that does not require the recitation of the precise phrase "concentration, persistence, or pace," the Commissioner maintains that the ALJ's RFC assessment directly tied to the record evidence and tailored Tiffany's workplace setting accommodations accordingly. (Id. at 2-3).

Given the fact-specific nature of social security cases, the flexible nature of the rational articulation rule, and the existence of support in the record for the administrative law judge's opinion, a reasonable person could conclude that the Commissioner's defense of the ALJ's opinion in this case had a rational basis in fact and law. *See Kusilek v. Barnhart*, No. 04-C-310-C, 2005 WL 567816, at *4-5 (W.D. Wis. Mar. 2, 2005), *aff'd*, 175 F. App'x 68 (7th Cir. 2006); *Bassett*, 641 F.3d at 859; *Conrad*, 434 F.3d at 987. Accordingly, the Court finds that the Commissioner's position was substantially justified and, thus, the Plaintiff is not entitled to an award of attorney fees.

## IV.     Conclusion

For the reasons stated above, Plaintiff's Motion for Award of Attorney Fees

Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), Dkt. [28], is

**DENIED**.

So ORDERED.


Date: 5/28/2021

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana



Distribution:

All ECF-registered counsel of record via email